Ralph E. Schumaker and Janet A. Schumaker v. Commissioner.
Schumaker v. Commissioner
Docket No. 5666-69 SC.
United States Tax Court
T.C. Memo 1970-281; 1970 Tax Ct. Memo LEXIS 77; 29 T.C.M. (CCH) 1315; T.C.M. (RIA) 70281; October 5, 1970, Filed Ralph E. Schumaker, pro se, 4024 Tar Hill Dr., Bloomfield Hills, Mich.Ralph F. Keister, for the respondent. WITHEY *78 Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency in the income tax of petitioners for the taxable year 1967 has been determined in the amount of $111. The issues to be decided are: (1) whether respondent has erred in disallowing certain alleged charitable contribution deductions; (2) whether he has erred in using a 35-year life for the purpose of computing depreciation upon certain real estate improvements; (3) whether, on the evidence of record, petitioners are entitled to depreciation deductions on several rental properties; and (4) where no records are kept by petitioners regarding actual business travel expense, did respondent err in limiting a deduction for business use of an automobile to the amount allowed under Revenue Procedure 66-10. Findings of Fact The facts which have been stipulated are found as fact. The petitioners Ralph E. and Janet A. Schumaker are husband and wife who were legal residents of the State of Michigan at the time of the filing of the petition herein. The petitioners filed a joint Federal income tax return for the year 1967 with the director of internal revenue at Cincinnati, Ohio. The petitioners filed *79 an amended joint Federal income tax return for the year 1967 with the director of internal revenue at Cincinnati, Ohio, on September 12, 1969. The petitioners' original and amended returns for 1967 were prepared on the cash basis of accounting. A statutory notice of deficiency within the provisions of section 6212 of the Internal Revenue Code of 1954 was mailed to the petitioners on August 18, 1969, and reflected a proposed deficiency in income tax of $111 based upon the following adjustments: [1](a) A claimed deduction of $73.75 for car washes was disallowed. (b) Claimed deductions for charitable contributions were disallowed as follows: Deduction claimed
Amountdisallowed
St. Thomas More
$101.50
Notre Dame
5.00
Bishop's Fund
25.00
Salvation Army
30.00
Other than cash
50.00
Less: Miscellaneous allowance
(11.50) 1316 (c) It was determined that an office in petitioners' home had a cost of $7,800 and a useful life of 35 years and, accordingly, a claimed deduction of $900 for "Home Office" expense was allowed in the amount of $589.52, computed as follows: *80 Value of residence $39,000.00
Portion assigned as Home Office 7,800.00
Depreciation allowed, 35-year life, straight-line method
222.85
Utilities (maid service, food, and beverages) 366.67
Deduction allowed 589.52 The claimed charitable deductions of $25 to the Bishop's Fund, $30 to the Salvation Army, and $50 as "other than cash" consisted of donations of old clothing and household discards. During 1967, petitioners contributed $5 to the University of Notre Dame at South Bend, Indiana, and $101.50 to "St. Thomas More" and claimed deductions therefore as charitable contributions. On the 1967 amended return, the petitioners claimed a deduction of $1,830 for depreciation on certain property located in St. Clair, Missouri. The petitioners' home was built in 1957 and in 1964 the garage which was attached was remodeled into an office used by the petitioner in his business. The office constituted 20 percent of the total square footage of the house. The office was finished the same as the rest of the house with paneling, radiant heat, and two Anderson windows directly overlooding the driveway. Ralph E. Schumaker was employed as a sales representative *81 by the Elder Manufacturing Company during 1967 and drove 16,377 miles in connection with that employment. The petitioner did not keep records to show the actual traveling expenses he incurred in connection with his employment in 1967. Ultimate Findings of Fact The petitioners did not make charitable contributions in excess of the amounts allowed by the respondent. The cost basis of petitioners' home office is $7,800 and it has a useful life of 35 years. Depreciation with respect to the home office was not greater than $222.85 in 1967. Opinion With respect to each of the issues before us, the burden of proof rests squarely on the petitioners. They have failed to sustain that burden to a greater or lesser degree with respect to each. The alleged charitable contributions made by petitioners to the "Bishop's Fund," the "Salvation Army," and one listed in the return as "other than cash" are concededly old clothing and used household articles and the amounts for which each is valued a mere estimate. The total deducted for such items was $105 and respondent has disallowed them in their *82 entirety. We find that petitioners did make contributions of used clothing and household articles to the Salvation Army, a recognized charitable institution, and even though petitioners have utterly failed to establish a value therefor, under Cohan v. Commissioner [2 USTC 489], 39 F. 2d 540 (C.A. 2, 1930), we find they are entitled to a deduction therefor of $10. For lack of any evidence as to the nature or character of the Bishop's Fund as a charitable institution, or any evidence as to the recipient of the $50 claimed for "other than cash," we hold for respondent as to them. Charitable contributions are deductible as a matter of legislative grace under section 170(a), [1] I.R.C. 1954, and then only in accordance with respondent's regulations, sec. 1.170-1(a) (3) and (c), [2] Income Tax Regs. Petitioners have produced no evidence required by the regulations in substantiation of their claimed contributions for the item "other than cash." As for respondent's disallowance of $101.50 of the $225 claimed as a contribution to St. Thomas 1317 More (a church), *83 we find that he has already applied the principle of Cohan v. Commissioner, supra, in allowing $123.50 in the absence of the evidence required by the regulations quoted in the margin and do not disturb his determination. He has allowed so much of the contribution listed as Notre Dame as petitioners could substantiate and they have failed to establish any greater amount here. We therefore uphold his determination as to that item. *84 Petitioners have deducted depreciation upon an improvement to their home which is an office used by petitioner husband in his business. In computing the depreciation, they used a cost figure of $8,000, computed at 20 percent of $40,000, the latter figure being the estimated value of their entire home and the percentage (agreed to by respondent) being that portion of the entire floor space represented by the office. They also used a useful life of 15 years. Respondent agrees they are entitled to a depreciation deduction for the office but uses a valuation figure of $39,000 for the entire home and a useful life of 35 years. He therefore arrives at a basis to be depreciated of $7,800 and a depreciation allowance of $222.85, as opposed to the amount of $533 deducted by petitioners. There is no dispute between the parties other than with respect to the useful life of the property. [3] Petitioner has offered no evidence whatsoever, other than his own testimony, to establish a lesser useful life for the office than that determined by respondent. We find they have not therefore overcome the presumption of correctness with respect to the 35-year useful life determined by respondent and we *85 sustain respondent on this issue. Petitioners also claimed on their return depreciation deductions upon five rental properties in St. Clair, Missouri. They have reported as gross income rentals received from such property during 1967. They have offered no evidence whatsoever with respect to the basis of such property or its useful life and we therefore consider that they have abandoned this issue and sustain the respondent thereon. The final issue involves the proper method of arriving at the deductible expense of business operation of petitioner's automobile where petitioner has not kept any record of the actual expense. Such expense is deductible under section 162(a), [4] I.R.C. 1954, and must ordinarily be substantiated in accordance with section 1.274-5, [5] Income Tax Regs. However, respondent has by his Revenue Procedure 66-10, in effect, afforded taxpayers an election *86 to adopt a simplified method of computing automobile business expense based upon the business mileage thereof. Computation thereunder permits such deductions to be accepted if figured at 10 cents per mile for the first 15,000 1318 miles and 7 cents per mile for all additional mileage. The parties have stipulated that petitioner's automobile mileage for business during 1967 was 16,377 miles, but petitioner has applied to the mileage figure a cost per mile greater than that afforded by Revenue Procedure 66-10. He has done this, he argues on brief, because the cost per mile under that rule is outdated and passe, the cost of operating an automobile in 1967 being, he claims, far greater per mile. As with his other deductions, he must bring himself squarely within some statutory provision in order to be successful on this issue. Section 162(a) of the Code does not permit the deduction of any amount greater than petitioner's actual cost of business operation of his automobile and we know of no other provision which authorizes such deductions. Petitioner has conceded that he has kept no records of his cost of operation of his car, but seeks to establish such cost based upon *87 claimed national averages. Such averages are immaterial to the issue before us because they may be either greater or lower than the actual expense of petitioner's operation of his car during 1967 and thus would not represent the actual expense, the deduction of which is allowed by section 162(a). Lacking evidence of such actual expense, petitioner's only recourse is to compute such expense as provided in Revenue Procedure 66-10. This he has not done and we therefore hold for respondent on this issue. *88 Decision will be entered under Rule 50. Footnotes
1. This adjustment has been conceded by petitioners on brief.↩
1. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction. - (1) General rule. - There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. ↩
2. Sec. 1.170-1(a) (3) Information required in support of deductions for taxable years beginning after December 31, 1963 - (i) In General. In connection with claims for deductions for charitable contributions paid in taxable years beginning after December 31, 1963, taxpayers shall state in their income tax returns the name of each organization to which a contribution was made and the amount and date of the actual payment of each contribution. If a contribution is made in property other than money, the taxpayer shall state the kind of property contributed (for example, used clothing, paintings, securities) and shall state the method utilized in determining the fair market value of the property at the time the contribution was made. * * * * * * (c) Contribution in property - (1) General Rules. If a contribution is made in property other than money, the amount of the deduction is determined by the fair market value of the property at the time of the contribution. The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. * * *↩
3. Petitioners have produced no evidence to substantiate the $40,000 valuation for the value of the entire premises and we therefore accept respondent's valuation of $39,000.↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; * * * ↩
5. Sec. 1.274-5(b) Elements of an expenditure - (1) In general. Section 274(d) and this section contemplate that no deduction shall be allowed for any expenditure for travel, entertainment, or a gift unless the taxpayer substantiates the following elements for each such expenditure: (i) Amount: (ii) Time and place of travel or entertainment (or use of a facility with respect to entertainment), or date and description of a gift; (iii) Business purpose; and (iv) Business relationship to the taxpayer of each person entertained, using an entertainment facility or receiving a gift. (2) Travel. The elements to be proved with respect to an expenditure for travel are - (i) Amount. Amount of each separate expenditure for traveling away from home, such as cost of transportation or lodging, except that the daily cost of the traveler's own breakfast, lunch, and dinner and of expenditures incidental to such travel may be aggregated, if set forth in reasonable categories, such as for meals, for gasoline and oil, and for taxi fares; (ii) Time. Dates of departure and return for each trip away from home, and number of days away from home spent on business; (iii) Place. Destinations or locality of travel, described by name of city or town or other similar designation; and (iv) Business purpose. Business reason for travel or nature of the business benefit derived or expected to be derived as a result of travel.↩